# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA

      *Plaintiff,*

                             CASE NO.  15-30598

*v.*

                             MAG. JUDGE ANTHONY P. PATTI

JAMIEL LAMONT CAROTHERS

      *Defendant.*

_____/

## ORDER OF DETENTION PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.  Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☐(1)  Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

    ☐(a)  a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐(b)  an offense for which the maximum sentence is life imprisonment or death;

    **or**

    ☐(c)  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-

904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d)   any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒(e)   any felony that is not otherwise a crime of violence but involves:

☐(i)   a minor victim, **or**

☒(ii)   the possession or use of a firearm or destructive device (as defined in section 921), **or**

☐(iii) any other dangerous weapon, **or**

☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☒(2)   Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

☒(a)   a serious risk that such person will flee; **or**

☐(b)   a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**B.   Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)   Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

☐(a)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

☐(b)  The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

☐(c)  A period of less than five years has elapsed since

☐(i)   the date of conviction, **or**

☐(ii)  Defendant's release from prison.

**(2)     Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

☐(a)  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(b)  under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐(c)  listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐(d)  under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☐(e)  involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

☐	by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☒	by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐	both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Court's findings and reasons for ordering detention, including the weighing the factors set forth in 42 U.S.C. **§** 3142(g), were stated on the record at the April 28, 2016 hearing and are fully incorporated by this reference. The Court finds that there is a serious risk that the defendant will flee if released on bond, and, by a preponderance of the evidence, that there is no condition or combination of conditions which will reasonably assure Defendant's appearance.  This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) Defendant has an extensive criminal history, going back 15 years, to the time when he was 12 years old, including convictions for assault and battery, for unlawfully driving away a stolen vehicle, possession of marijuana, receiving and concealing stolen property (motor vehicle), and felony breaking and entry into a motor vehicle with damage (to steal a gun); (2) between August 2008 and January 2009, Defendant failed to report to his probation officer six times, ultimately leading to his being charged in January 2009 with a probation

violation, for which he was sentenced to 18 months custody; (3) while on probation and when charged with a violation, Defendant absconded, and remained a fugitive for a period of 17 months, (between January 2009 and June 2010); (4) when released from the Michigan Department of Corrections on January 13, 2012, after 18 months in custody, less than four months passed before committing another felony, for which he was sentenced to an additional two years of custody; (5) pretrial services recommends detention for various reasons, including but not limited to the fact that defendant's criminal history includes fleeing a police officer and use of alias names at the time of his arrest; (6) Defendant has an ongoing history of drug and alcohol abuse; (7) Defendant has been shown to have made misrepresentations to Pretrial Services concerning his substance abuse history and his educational status; (8) Defendant has no known employment history; (9) Defendant has a history of misconduct while incarcerated, including six misconduct violations between November 2013 and March 2014, including misconduct in the form of assault, interference with staff, and destruction of property; (10) Defendant does not have an acceptable, stable residence to which he could be released, as the inhabitants of his current address (his family home) each have multiple warrants outstanding and/or substantial criminal records.

**Part III – Directions Regarding Detention**

2:16-cr-20528-LJM-DRG   Doc # 17   Filed 04/28/16   Pg 6 of 6   Pg ID 44

Defendant is committed to the custody of the Attorney General or a designated

representative for confinement in a corrections facility separate, to the extent practicable,

from persons awaiting or serving sentences or held in custody pending appeal. Defendant

must be afforded a reasonable opportunity to consult privately with defense counsel. On

order of a United States Court or on request of an attorney for the Government, the

person in charge of the corrections facility must deliver Defendant to the United States

Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.


Date: April 28, 2016                          /S ANTHONY P. PATTI
                                              Anthony P. Patti
                                              United States Magistrate Judge

Page **6** of **6**